IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY SPITZ, an individual, as Assignee of NANCY AGUILAR, an individual, and REAL TRUCKING, INC., a corporation,<br><br>      Plaintiff,<br><br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY, INC., a corporation,<br><br>      Defendant. | Case No. CIV-24-500-D |

## ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings [Doc. No. 116], to which Plaintiff responded [Doc. No. 123], and Defendant replied [Doc. No. 124].

This case was transferred from the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Generally, a district court exercising diversity jurisdiction applies the choice-of-law rules of the State in which it sits. *See Gerson v. Logan River Acad.*, 20 F.4th 1263, 1270 (10th Cir. 2021). However, "when, as here, a case lands in a forum by way of transfer under 28 U.S.C. § 1404(a) on motion by the defendant, the transferee court generally must use the choice-of-law rules that would have prevailed in the transferor court." *Id.*

Although both parties apply Oklahoma choice-of-law principles in their briefing, the parties are directed to file supplemental briefing to address the following:

> 1) whether the Court should apply the choice-of-law principles of Illinois, given that this case was transferred from Illinois to this Court via Section 1404(a); and

1

    2) which state substantive law applies to Plaintiff's claims using a choice-of-law analysis under Illinois law.

The parties' simultaneous supplemental briefing will be due on or before April 3, 2025, and will be limited to 5 pages in length.

**IT IS SO ORDERED** this 21st day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge