IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY SPITZ, as Assignee of Nancy Aguilar and Real Trucking, Inc., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-24-500-D |
| STARR INDEMNITY & LIABILITY COMPANY, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Starr Indemnity & Liability Company, Inc.'s Motion for Judgment on the Pleadings [Doc. No. 116]. Plaintiff has filed a response [Doc. No. 123], to which Starr replied [Doc. No. 124]. Thereafter, the Court directed the parties to file supplemental briefing on the choice-of-law issue [Doc. Nos. 126, 127]. The matter is fully briefed and at issue.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Randy Spitz was injured in a car collision in Oklahoma City, Oklahoma, when a tractor trailer driven by Nancy Aguilar collided with his vehicle. Plaintiff filed a lawsuit against Ms. Aguilar and her employer, Real Trucking, Inc., in Oklahoma County District Court, Case No. CJ-2016-3221 (Underlying Litigation).[1] Pursuant to Real

---

[1] The Court takes judicial notice of the Underlying Litigation and the public case record. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CJ-2016-3221&cmid=3417566 (last accessed Apr. 15, 2025).

1

Trucking's liability policy issued by Starr, Starr provided a defense to Ms. Aguilar and Real Trucking in the Underlying Litigation.

After a six-day jury trial in the Underlying Litigation, a jury returned a $2,250,000.00 verdict in favor of Plaintiff, and against Ms. Aguilar and Real Trucking. The verdict was in excess of the policy's $1 million liability limits. Following the entry of judgment, Ms. Aguilar and Real Trucking purportedly assigned to Plaintiff any causes of action they may have had against their insurer, Starr.

Plaintiff, as assignee of Ms. Aguilar and Real Trucking, then filed the present action in the Circuit Court of Cook County, Illinois. Plaintiff's Amended Complaint [Doc. No. 30] asserts that Starr acted in bad faith by failing to settle the Underlying Litigation within policy limits; and, alternatively, that Starr's failure to settle amounts to negligence. The case was removed to the Northern District of Illinois – Eastern Division [Doc. No. 1]. On January 2, 2024, Starr filed a motion to transfer venue to this Court, pursuant to 28 U.S.C. § 1404(a), which was granted [Doc. No. 96].

Now, Starr moves for judgment on the pleadings on the grounds that 1) Oklahoma substantive law applies to Plaintiff's claims against Starr; and 2) under Oklahoma law, both of Plaintiff's claims fail as a matter of law. In response, Plaintiff claims that Starr's motion is untimely. Plaintiff further contends that Illinois law applies to Plaintiff's claims, which are cognizable under Illinois law. Plaintiff appears to concede that – if Oklahoma substantive law applies to Plaintiff's claims – the claims fail as a matter of law.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings at any time after the pleadings are closed, as long as the motion is made early enough not to delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (unpublished)[1] (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)). Accordingly, the Court "accept[s] as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'" *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint. *See Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006),

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

*abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750 (10th Cir. 2013).

## DISCUSSION

### I. Timeliness

Plaintiff argues, briefly, that Starr's Rule 12(c) motion is untimely. A Rule 12(c) motion should be filed once the pleadings are closed "but early enough not to delay trial." FED. R. CIV. P. 12(c). "A district court has discretion to deny a Rule 12(c) motion if a party engages in 'excessive delay.'" *Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1212 (D. Colo. 2020) (quoting 5C Charles Alan Wright et al., FED. PRAC. & PROC. § 1367 (3d ed.)).

Upon consideration, the Court finds that Starr has not engaged in excessive delay, and Starr's motion is timely under Rule 12(c). Starr filed its Rule 12(c) motion approximately six months after this case was transferred from the Northern District of Illinois. In that time frame, counsel for both parties had to be directed to enter their appearances, show association with local counsel, and seek admission *pro hac vice* [Doc. No. 100]. Thereafter, the Court granted Plaintiff's motion for leave to file motions for admission *pro hac vice* out of time [Doc. No. 104]. Once Starr filed its Rule 12(c) motion, Plaintiff requested that the Court delay the parties' deadline to file a joint status report and discovery plan, pending the Court's ruling on Starr's 12(c) motion [Doc. No. 117]. Thus, the Court stayed this action [Doc. No. 118], and there is no trial setting. Under these circumstances, the Court finds that Starr has not engaged in excessive delay in bringing its Rule 12(c) motion, and Starr's motion did not delay trial.

## II.    Choice of Law

Starr's 12(c) motion turns on which state's substantive law applies to Plaintiff's claims – Illinois law or Oklahoma law. In its motion, Starr contends that if the Court applies Oklahoma law to Plaintiff's claims, they fail as a matter of law because 1) Oklahoma law prohibits the assignment of bad faith claims; and 2) Oklahoma law does not permit an insured to bring a negligence claim against an insurer. By arguing only that Illinois law applies, Plaintiff apparently concedes that his claims would fail under Oklahoma law.

When an action is transferred pursuant to 28 U.S.C. § 1404(a), the transferee court applies the substantive law – including choice-of-law principles – of the transferor court. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case."). Here, because this diversity action was transferred to this Court from the Northern District of Illinois, the Court will apply Illinois choice-of-law principles in determining which state's substantive law applies to Plaintiff's claims.

The parties agree that an Illinois court would apply the tort-based choice-of-law test to determine which state's law applies to Plaintiff's claims for bad faith and negligence, which center on Starr's failure to settle the Underlying Litigation within policy limits. *See Chandler v. Am. Fire and Cas. Co.*, 879 N.E.2d 396, 400 (Ill. App. 4th 2007) ("The breach of [the] duty to settle is not a contractual remedy and does not arise at the time the parties enter into the insurance contract."); *see also W. Side Salvage, Inc. v. RSUI Indem. Co.*, 215 F. Supp. 3d 728, 736 (S.D. Ill. 2016) ("The controversy in the present suit is discrete and

is focused on the harm sustained due to an alleged bad faith failure to settle by the Defendants. Such harm is a tort.").

The Illinois choice-of-law test for tort claims involves, first, balancing the factors found in Section 145 of the *Restatement (Second) of Conflict of Laws* to determine what state has the "most significant relationship" to the occurrence and the parties; followed by considering the policy factors of Section 6. *See W. Side Salvage, Inc.*, 215 F. Supp. 3d at 735. The most significant relationship test "involves balancing a number of factors, including the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile or place of business of each party; and the place where the relationship between the parties is centered." *Id.* (citation omitted). Under this approach, the law of the state where the injury occurred is presumed to apply, and the presumption may be overcome "only by showing a *more* or *greater* significant relationship to another state." *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903 (Ill. 2007).

Although Plaintiff's collision with Ms. Aguilar occurred in Oklahoma, the "injury" for purposes of this action is Starr's alleged negligent and bad-faith failure to settle the Underlying Litigation within policy limits. *See ROC ASAP, L.L.C. v. Starnet Ins. Co.*, No. CIV-12-461-D, 2014 WL 667833, at *3 (W.D. Okla. Feb. 20, 2014) ("For purposes of Plaintiff's bad faith claim, the 'injury' is not the loss occasioned by the fire, but the alleged improper claims handling by Defendant."). In this case, the Underlying Litigation was filed and litigated in Oklahoma County District Court; the six-day trial took place in Oklahoma City; and the excess judgment was entered in Oklahoma County District Court. According to Plaintiff's Amended Complaint [Doc. No. 30], Plaintiff (an Oklahoma resident) made

five separate offers leading up to the trial, which were communicated by Plaintiff's Oklahoma-based counsel. Plaintiff further alleges that Oklahoma-based attorneys retained by Starr did not sufficiently communicate the pre-trial settlement offers to Real Trucking or Ms. Aguilar. Plaintiff's Amended Complaint also alleges that the Oklahoma-based counsel under-evaluated the risk of liability prior to trial, and "the entire handling of the negotiations was to *treat Starr as the sole client* and to keep [Real Trucking] and Aguilar in the dark[.]" [Doc. No. 30, at 11].

As Plaintiff's claims stem from how the Underlying Litigation was evaluated, litigated, and negotiated in Oklahoma, the Court finds that the first two factors weigh in favor of applying Oklahoma law. Plaintiff, an Oklahoma resident, contends that Illinois law applies because one of Plaintiff's assignors, Real Trucking, is based in Illinois. For this argument, Plaintiff ignores completely that his other assignor, Ms. Aguilar, is a Kansas resident. The mere fact that one of Plaintiff's assignors is based in Illinois does not change the Court's conclusion that the relevant injury and conduct occurred mostly in Oklahoma. And, as Plaintiff's claims are based in tort, Plaintiff's argument that the underlying insurance policy was entered into in Illinois is not determinative. As noted by the transferor court, "the failure to settle and alleged negligent representation of [Real Trucking] and Aguilar occurred in Oklahoma while little, if anything, related to Spitz's claim occurred in Illinois." [Doc. No. 96, at 10].

As to the domicile or place of business of the parties, Plaintiff is an Oklahoma resident, and Starr is a corporation organized under the laws of the State of Texas with its principal place of business in New York. Again, the only connection to Illinois is that *one*

of Plaintiff's assignors, Real Trucking, is based there. Plaintiff cites to several cases for the general notion that an assignee "steps into the shoes" of their assignor(s). However, Plaintiff does not provide any authority for his argument that, when applying a tort-based choice-of-law analysis, a court should ignore the domicile of the plaintiff and instead look solely to the domicile of any assignor(s). Accordingly, this factor weighs in favor of applying the substantive law of Oklahoma (or New York or Texas), but not Illinois.

For the fourth factor, the place of the relationship of the parties is not determinative where, as here, the parties have no direct relationship. *See ROC ASAP, L.L.C.*, 2014 WL 667833, at *3 ("The place of the relationship between the parties is not determinative. As stated, Plaintiff brings the bad faith claim as assignee of Silverleaf. As such, Plaintiff and Defendant have no direct relationship."). Here, Plaintiff brings his claims against Starr as assignee of Real Trucking and Ms. Aguilar. [Doc. No. 30, at 2] ("Spitz brings this action as the assignee of [Real Trucking] and Aguilar."). Thus, Plaintiff has no direct relationship with Starr, and this factor remains neutral. On balance of the Section 145 factors, the Court finds that Oklahoma has the most significant relationship to the occurrence and the parties.

Next, the Court considers the policy factors of Section 6 of the *Restatement (Second) of Conflict of Laws*, which include "the relevant policies of the forum[,] the relevant policies of other interested states, the protection of justified expectations, and the predictability and uniformity of the result." *W. Side Salvage, Inc.*, 215 F. Supp. 3d at 735. Starr contends that these policy factors favor the application of Oklahoma law because 1) Oklahoma courts have the predominant interest in ensuring that parties who litigate in the state exercise good faith in attempting to resolve cases; 2) the protection of expectations

8

are most easily and most logically set by the forum within which the parties are litigating; and 3) applying Oklahoma law ensures certainty, predictability, and finality because Oklahoma-based courts are most familiar with Oklahoma's legal framework, increasing the likelihood of a consistent outcome. Plaintiff did not address the Section 6 factors in his initial or supplemental briefing. Upon consideration, the Court agrees with Starr that the Section 6 factors favor the application of Oklahoma law.

Finally, Plaintiff argues that Starr should not be permitted to seek transfer to this Court pursuant to Section 1404(a), then argue that Oklahoma law prohibits Plaintiff's claims once the action is transferred. However, this Court does not apply Oklahoma law to Plaintiff's claims because the action was transferred to a district court within Oklahoma. Rather, the Court applies Illinois choice-of-law principles in determining that Oklahoma has the most significant relationship to the parties and the occurrence. Had this action remained in the Northern District of Illinois, that court would have conducted the same choice-of-law analysis to determine whether to apply Oklahoma or Illinois law to Plaintiff's claims. Thus, the Court is not convinced that Starr should be prevented from arguing for the application of Oklahoma law merely because it first sought transfer under Section 1404(a).

**III.    Plaintiff's Claims Fail Under Oklahoma Law**

In his Amended Complaint, Plaintiff – as assignee of Real Trucking and Ms. Aguilar – asserts bad faith and negligence claims based on Starr's alleged failure to settle the Underlying Litigation within policy limits. In its motion for judgment on the pleadings, Starr contends that Plaintiff's bad faith and negligence claims fail under Oklahoma law

because bad faith claims are not assignable under Oklahoma law, and Oklahoma law prohibits an insured from bringing a negligence claim against its insurer. In response, Plaintiff does not attempt to argue that his claims are cognizable under Oklahoma law, effectively conceding the issue.

Upon careful consideration of Plaintiff's Amended Complaint, and construing Plaintiff's allegations as true, the Court agrees with Starr that Plaintiff fails to state claims for bad faith and negligence under Oklahoma law. Pursuant to Okla. Stat. tit. 12, § 2017, "[t]he assignment of claims not arising out of contract is prohibited." Under Oklahoma law, a bad faith claim is a tort claim, which is not assignable. *See Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977) (explaining that a bad faith claim sounds in tort); *United Adjustment Servs., Inc. v. Professional Insurors Agency, LLC*, 307 P.3d 400, 404 (Okla. Civ. App. 2013) ("Section 2017(D) of Title 12 prohibits the assignment of claims not arising from contract. … Because a bad faith claim sounds in tort under Oklahoma law, this is such a case."); *see also ROC ASAP, L.L.C.*, 2014 WL 667833, at *8 ("Here, Plaintiff only brings its bad faith claim as assignee. … Because Oklahoma law prohibits the assignment of a tort claim, Plaintiff's bad faith claim fails.").

Further, "Oklahoma law does not provide for a negligence claim against an insurer by its insured." *Tolman v. Reassure Am. Life Ins. Co.*, 391 P.3d 120, 123 (Okla. Civ. App. 2017). As stated above, Plaintiff asserts his negligence claim as assignee of Real Trucking and Ms. Aguilar, alleging that "[i]n failing to settle [Plaintiff's] claim against [Real Trucking and Ms. Aguilar] within the policy limits, Starr failed to exercise ordinary care or was otherwise negligent[.]" [Doc. No. 30, at 27]. Thus, even if Plaintiff's claims were

10

assignable, Plaintiff's negligence claim fails as a matter of law because an insured cannot bring a negligence claim against its insurer. Again, Plaintiff effectively conceded this issue by failing to address whether his negligence claim is cognizable under Oklahoma law.

## CONCLUSION

For these reasons, Starr's Motion for Judgment on the Pleadings [Doc. No. 116] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.[1] A separate judgment will be entered.

**IT IS SO ORDERED** this 28th day of April, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Generally, "[c]laims dismissed pursuant to a motion under Rule 12(c) are dismissed with prejudice." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1087 (D.N.M. 2019). Here, the Court finds that dismissal with prejudice is appropriate, as Plaintiff's claims fail as a matter of law and amendment would be futile. The Court further notes that Plaintiff did not seek leave to amend his pleading. *See Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave.").